COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Powell
Argued at Richmond, Virginia


R K ENTERPRISES, INC., T/A
  GOLDIES CONVENIENCE STORE
                                                                     MEMORANDUM OPINION[*] BY
v.        Record No. 1561-08-2                                         JUDGE CLEO E. POWELL
                                                                             JUNE 23, 2009
VIRGINIA ALCOHOLIC BEVERAGE
 CONTROL BOARD


                      FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                                       T. J. Markow, Judge

                 Michael P. Lafayette (Lafayette, Ayers & Whitlock, PLC, on
                 briefs), for appellant.

                 Michelle Welch, Assistant Attorney General (Robert F.
                 McDonnell, Attorney General; Frank S. Ferguson, Deputy
                 Attorney General, on brief), for appellee.


        R K Enterprises, Inc. ("appellant") appeals the trial court's affirmance of the Alcoholic

Beverage Control ("ABC") Board's suspension of appellant's license to purchase and sell alcoholic

beverages.  Appellant argues that the decision to suspend the license is not supported by substantial

evidence and that the ABC Board acted in an arbitrary and capricious manner in disregarding the

testimony of appellant's employees.  As we find that the trial court committed no error, we affirm

its decision to uphold the ABC Board's decision to suspend appellant's license.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

Appellant owns and operates "Goldies," a convenience store and service station located in the City of Richmond. Goldies is licensed by the ABC Board to sell beer and wine for consumption off premises.

Just before 5:00 p.m. on May 27, 2007, Billy Mills ("Mills") entered Goldies to purchase beer. Immediately upon entering the store, Mills approached Manoj Bhasin ("Bhasin"), a co-owner and employee, and asked if the store sold Icehouse beer. Bhasin replied in the affirmative. Mills then started walking to the beer cooler with Bhasin following behind him.

Mills picked up a six-pack of Icehouse beer and approached the cashier, Rumit Sahni ("Sahni"). At the time, the checkout counter was manned by both Sahni and Muhammad Samana ("Samana"). When Mills reached the cash register, he leaned against the counter and asked, in a loud voice, for the store's music to be turned up. Sahni then began to ring up Mills' purchase. As Sahni was doing this, the only other customer in the store, Linda Ann Pace ("Pace"), remarked that Sahni should not sell beer to Mills because Mills was drunk. Sahni completed the transaction, and Mills took the beer and left the store. As Mills left the store, Pace again told Sahni that he should not have sold the beer to Mills because Mills was drunk.

After purchasing the beer, Mills left the store, got into his car, and began to drive away. As he was driving away, Mills failed to negotiate a left-hand turn and struck a light pole. Officer Thomas Jamerson responded to a radio call regarding the accident. Officer Jamerson arrived at the scene of the accident within two minutes of receiving the call. Upon arrival, Officer Jamerson noticed that EMS had already arrived and they were tending to Mills. As EMS was putting Mills on a backboard, Officer Jamerson noticed that Mills had a strong odor of alcohol about his person and that Mills' eyes were bloodshot. Based on the results of a sobriety test,

Officer Jamerson determined that Mills had consumed a large amount of alcohol. It was later determined that Mills' blood alcohol content was .24.

During Officer Jamerson's investigation, Pace told him that she both saw the accident and was present when Mills purchased beer at Goldies. According to Officer Jamerson, Pace said that Mills was obviously intoxicated when he purchased the beer. Additionally, she informed him that she had told this to the clerks at Goldies, but they sold the beer to Mills anyway.

On May 31, 2007, Officer Jamerson informed an ABC Agent, Matthew Halphen, about the allegation that Mills had purchased beer from Goldies while intoxicated. On July 22, 2007, Agent Halphen contacted Pace. Pace told Agent Halphen that she saw Mills enter Goldies, pick up a six-pack of beer, and stagger to the checkout counter. At that time, Pace could smell alcohol. Additionally, Pace stated that Mills leaned on the checkout counter and was very loud. She also informed Agent Halphen that, at the time of the sale, she told Sahni not to sell the alcohol to Mills because Mills was already intoxicated.

On October 4, 2007, a disciplinary hearing was held before an ABC hearing officer to determine whether a violation of Code § 4.1-304 had occurred. At the hearing, both Officer Jamerson and Agent Halphen testified about the statements made to them by Pace. Although Pace had been subpoenaed, she was not present at the hearing.

On December 4, 2007, the hearing officer made findings of fact and, finding that the charge was not substantiated, dismissed the charge. The hearing officer specifically noted that she accorded less weight to the hearsay evidence presented by Officer Jamerson and Agent Halphen, and more weight to the testimony of Bhasin, Sahni, and Samana, as they were present and under oath.

On January 3, 2008, the ABC Board then notified appellant that it intended to modify the hearing officer's decision and that appellant was entitled to a hearing before the ABC Board on this matter. The ABC Board heard appellant's argument on February 21, 2008. On February 27, 2008, the ABC Board found that "it has reasonable cause to believe that the charge is substantiated." As a result, appellant's license to purchase and sell alcoholic beverages was suspended for twenty-five (25) days, conditioned upon the payment of a civil penalty of $2,000. The ABC Board's decision was thereafter affirmed by the Circuit Court of the City of Richmond. This appeal followed.

ANALYSIS

"Under the Virginia Administrative Process Act . . . the party complaining of an agency action has the burden of demonstrating an error of law subject to review." Hilliards v. Jackson, 28 Va. App. 475, 479, 506 S.E.2d 547, 549 (1998). Furthermore, "[j]udicial review of an agency decision is limited to determining (1) 'whether the agency acted in accordance with law;' (2) 'whether the agency made a procedural error which was not harmless error;' and (3) 'whether the agency had sufficient evidential support for its findings of fact.'" Crutchfield v. State Water Control Bd., Dep't of Envtl. Quality, 45 Va. App. 546, 553, 612 S.E.2d 249, 253 (2005) (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1998)).

On appeal, appellant contends that the ABC Board and the trial court erred in finding that the hearsay evidence presented by Officer Jamerson and Agent Halphen was substantial evidence. Appellant bases its entire argument upon the proposition that hearsay evidence does not rise to the level of direct evidence. It is appellant's contention that Pace's hearsay statements must (1) pertain to the time of the sale of alcohol to Mills; (2) be substantial and credible; and

- 4 -

(3) rise to a level where a reasonable mind would necessarily accept them as adequate.[1]  As this is not the standard to be applied, we must disagree.

"Where the issue is the substantiality of the evidential support for findings of facts, 'the sole determination by the reviewing court . . . is whether there was substantial evidence in the agency record to support the agency decision.'"  Johnston-Willis, Ltd., 6 Va. App. at 262, 369 S.E.2d at 18 (quoting State Board of Health v. Godfrey, 223 Va. 423, 435, 290 S.E.2d 875, 881 (1982)).  "The phrase 'substantial evidence' refers to 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Virginia Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, (1938)).  A "reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion."  Johnston-Willis, Ltd., 6 Va. App. at 242, 369 S.E.2d at 7.

Furthermore, it is well established that "[t]he rules of evidence are considerably relaxed in administrative proceedings, and the findings of administrative agencies will not be reversed solely because evidence was received which would have been inadmissible in court."  Bias, 226 Va. at 270, 308 S.E.2d at 126.  "If the agency relies on hearsay evidence, the court reviewing the sufficiency of that evidence on appeal may give it the same weight as any other record evidence."  Carter v. Gordon, 28 Va. App. 133, 141, 502 S.E.2d 697, 701 (1998).

In the present case, the ABC Board was required to present substantial evidence that one of appellant's employees sold alcoholic beverages to Mills when, at the time of the sale, the

---

[1] Appellant cites Mirabile Corp. v. Virginia Alcoholic Beverage Control Bd., No. 2126-02-4, 2003 Va. App. LEXIS 493 (Va. Ct. App. Sept. 30, 2003), an unpublished opinion of this Court, in support of its position.  However, we need not address any implications raised by that case, as "[u]npublished memorandum opinions of this Court are not to be . . . relied upon as precedent except for the purpose of establishing res judicata, estoppel or the law of the case." Grajales v. Commonwealth, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987).

employee knew or had reason to know that Mills was intoxicated. Code § 4.1-304. Viewed in the light most favorable to the ABC Board, the record demonstrates that Mills appeared intoxicated while in Goldies. Mills staggered as he walked, he leaned against the counter to support himself, and he was louder than a normal patron would be. Furthermore, at the time of the purchase, Pace informed Sahni that Mills appeared intoxicated, but Sahni continued to ring up Mills' purchase. Mills' subsequent accident and the observations made by Officer Jamerson serve to corroborate Pace's observations. Based on this evidence, it was reasonable for the ABC Board to conclude that Mills' intoxication should have been apparent to Sahni at the time of the sale.

Additionally, in making its decision, the ABC Board found that the testimony of Bhasin, Sahni, and Samana was entirely self-serving, and therefore not believable. Pace's hearsay evidence, on the other hand, was much more convincing, especially in light of the subsequent events.

We hold that this testimony constitutes substantial evidence in support of the ABC Board's decision that appellant knew or should have known that Mills was intoxicated. Furthermore, we cannot say that a reasonable mind would necessarily come to a different conclusion. Accordingly, we affirm the judgment of the circuit court.

Affirmed.